IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00884-GPG

ALTON DAVIS,

     Plaintiff,

v.

J. OLIVER,
R. TURNER, and
FEDERAL BUREAU OF PRISONS,

     Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

Plaintiff, Alton Davis, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Davis has filed *pro se* a Prisoner Complaint (ECF No. 1) claiming his rights under the United States Constitution have been violated. The Court must construe the Prisoner Complaint liberally because Mr. Davis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Davis' claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity. Section 1915A(b) requires dismissal of the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint in part as legally frivolous pursuant to § 1915A(b).

Mr. Davis asserts three claims for relief in the Prisoner Complaint that stem primarily from restrictions imposed in September 2014 on his general correspondence and telephone usage. He seeks declaratory and injunctive relief; he does not request damages. Mr. Davis has named as Defendants the Federal Bureau of Prisons ("BOP"), ADX Warden J Oliver, and SIS Technician R. Turner. He specifically states that he is suing ADX Warden J. Oliver and SIS Technician R. Turner only in their official capacity.

Mr. Davis' claims against ADX Warden J. Oliver and SIS Technician R. Turner in their official capacity are redundant because he asserts the same claims against the BOP. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (per curiam) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). Therefore, Mr. Davis' redundant claims against ADX Warden J. Oliver

2

and SIS Technician R. Turner in their official capacity are legally frivolous and will be dismissed. *See, e.g., Silverstein v. Fed. Bureau of Prisons*, 704 F. Supp.2d 1077, 1087 (D. Colo. 2010) (relying on Fed. R. Civ. P. 12(f) to strike official-capacity claims that were redundant of claims against the BOP). Furthermore, ADX Warden J. Oliver and SIS Technician R. Turner will be dismissed as parties to this action.

The Court will not address at this time the merits of Plaintiff's constitutional claims against the BOP. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge as provided in D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that the claims asserted against Defendants J. Oliver and R. Turner are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b). It is

FURTHER ORDERED that Defendants J. Oliver and R. Turner are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this 4th day of May, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court