**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0884-WJM-MJW

ALTON DAVIS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

**ORDER ADOPTING FEBRUARY 4, 2016 RECOMMENDATION OF MAGISTRATE JUDGE GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

---

This matter is before the Court on United States Magistrate Judge Michael J. Watanabe's Recommendation dated February 4, 2016 ("Recommendation") (ECF No. 42), which recommended granting a motion to dismiss (ECF No. 25) filed by Defendant Federal Bureau of Prisons ("Defendant") and dismissing Plaintiff's case under Federal Rule of Civil Procedure 12(b)(6). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Defendant filed a timely Objection to the Recommendation (ECF No. 43). Plaintiff filed its own timely Objection to the Recommendation (ECF No. 47), to which Defendant filed a Response (ECF No. 49). For the reasons set forth below, Defendant's Objection is overruled, Plaintiff's Objection is overruled, the Recommendation is adopted, and Plaintiff's claims are dismissed without prejudice.

## I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The motions underlying the Recommendation were filed under Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

## II. BACKGROUND

The following facts are undisputed unless otherwise noted. Plaintiff is an inmate in the custody of Defendant and is currently incarcerated at the United States

Penitentiary, Administrative Maximum ("ADX"). (ECF No.1; ECF No. 25). In September 2010, Special Administrative Measures ("SAMs") were implemented regarding Plaintiff's confinement. (ECF No. 1 at 3–4.) The SAMs restricted Plaintiff's access to mail, media, telephone communication, and visitors. (ECF No. 25-1 ¶ 8.) The SAMs were adopted based on Plaintiff's purported "proclivity for violence" and also "information that, while incarcerated, [Plaintiff] tried via phone and/or mail communication to order the murders of two federal law enforcement officials." (ECF No. 1 at 53.) Plaintiff contends that this information regarding his alleged attempt to order murders was "false and fabricated." (*Id*. at 4.)

Plaintiff's SAM restrictions were renewed for four years until they expired on August 31, 2014. (*Id*. at 4–5; ECF No. 25-1 ¶ 10.) Following the expiration of his SAMs, Plaintiff was placed on Correspondence Restrictions ("CRs") pursuant to 28 C.F.R. § 540.15. (ECF No. 1 at 33; ECF No. 25 at 3.) Under the CRs, Plaintiff was forbidden from communicating via telephone or written correspondence with anyone other than members of his immediate family because he was "considered a 'security risk.'" (ECF No. 1 at 33–34.) Plaintiff alleges that the implementation of the CRs was based on the same false and fabricated evidence as the initial SAMs. (ECF No. 1 at 5–6.) Plaintiff also blames the same evidence for his continued placement in the ADX facility. (*Id.*)

Defendant provided a declaration stating that Plaintiff's CRs were lifted in February 2015. (ECF No. 25-1 ¶ 14.) Although Plaintiff quibbles with some of the details in that declaration, he does not dispute that the CRs have been lifted. (*See* ECF No. 32.)

Based on this course of events, Plaintiff brings suit under 42 U.S.C. § 1983

4

alleging various constitutional violations. First, Plaintiff claims violations of his First Amendment rights to freedom of communication, freedom of association, and free exercise of religion. (ECF No. 1 at 7–12.) Plaintiff also alleges a similar claim under the Religious Freedom Restoration Act ("RFRA"). (*Id*. at 10.) Next, Plaintiff brings claims for violations of his Fifth Amendment right to procedural due process.[1] (*Id.* at 13–18.) Lastly, Plaintiff brings two claims under the Eighth Amendment for cruel and unusual punishment stemming from his conditions of confinement and deliberate indifference to his serious medical needs. (*Id.* at 19–27.) Defendant filed a Motion to Dismiss the Complaint (the "Motion") on June 15, 2015. (ECF No. 25.) The Magistrate Judge reviewed the Motion and issued his Recommendation on February 4, 2016. (*See* ECF No. 42.)

### III. ANALYSIS

The Magistrate Judge recommended that Defendant's Motion to Dismiss be granted and Plaintiff's claims be dismissed. (ECF No. 42 at 13.) The Magistrate Judge made several findings to reach that recommendation. Defendant has specifically objected to the finding that Plaintiff's claims relating to the CRs are not moot. (ECF No. 43 at 3.) Plaintiff, unsurprisingly, does not object to the Magistrate Judge's finding as to mootness. (ECF No. 47 at 1.) However, Plaintiff specifically objects to each of the

---

[1] Plaintiff states that his due process claim is based on the Fourth, Fifth, and Fourteenth Amendments. (ECF No. 1 at 13.) The Magistrate Judge classified the due process claims as arising under the Fifth and Fourteenth Amendments. (ECF No. 42 at 9.) Regardless, the Court must examine the due process claims in light of the Fifth Amendment, rather than the Fourteenth, because Defendant is an arm of the federal government, not a state government. *See Packerware Corp. v. B & R Plastics, Inc.*, 15 F. Supp. 2d 1074, 1077 (D. Kan. 1998). Nevertheless, the standards applied are the same as those in a Fourteenth Amendment analysis. *Id.*

Magistrate Judge's findings supporting his decision to grant Defendant's Motion to Dismiss. (*See id.*) The Court will address the Magistrate Judge's findings and the corresponding objections in turn.

### A. Mootness

The CRs were lifted in February 2015, before Plaintiff filed this action on April 27, 2015. (ECF No. 1; ECF No. 25-1 ¶ 14.) Therefore, Defendant argues that all of Plaintiff's claims relating to the CRs are moot. (ECF No. 25 at 4.) The Court has no subject matter jurisdiction where a case has been rendered moot by changed circumstances. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). Consequently, Defendant moves to dismiss all claims relating to the CRs under Rule 12(b)(1). (ECF No. 25 at 4.) The Magistrate Judge found that none of Plaintiff's claims were moot and recommended that the Motion be denied insofar as it relied on Rule 12(b)(1). (ECF No. 42 at 7.) Defendant objects to that finding. (ECF No. 43 at 1.)

The Magistrate Judge found that an exception to the mootness doctrine applies in this case. (ECF No. 42 at 7.) The mootness doctrine will not apply where the injurious conduct is "in effect for a duration too short to be fully litigated prior" and "there is a reasonable expectation" of repetition. *Al-Owhali v. Holder*, 687 F.3d 1236, 1242 (10th Cir. 2012) (internal quotation marks omitted). In a case in which an inmate challenged the implementation of an SAM, the Tenth Circuit found that this exception to the mootness doctrine applied:

> If we prohibited any challenge to a lapsed SAM, inmates
> would have only one year to litigate and appeal a case. . . .
> Moreover, there is nothing preventing the government from

> introducing more restrictive SAMs in any given year. . . .
> Given these facts, we refuse to cast Al-Owhali's challenge to
> older SAMs as moot.

*Id.* For similar reasons, the Court finds that Plaintiff has established that the same exception should apply in this case.

First, like the SAMs in *Al-Owhali*, Plaintiff's CRs were in effect for a duration too short to be litigated fully. Plaintiff provided documentation that his CRs were subject to review after six months. (ECF No. 1 at 34.) In fact, as Plaintiff points out, the CRs had not even been in place for a full six months when they were lifted in February 2015. (*See* ECF No. 32 at 5.)

As to the reasonable expectation of repetition, Plaintiff alleges that the CRs were imposed because he was deemed a "security risk" and that the restrictions could be reimposed without any additional reasons. (ECF No. 1 at 5.) The Magistrate Judge found this expectation of repetition to be reasonable and the Court agrees. Defendant previously implemented the CRs after Plaintiff's SAMs had expired. (*See id.*) Thus, Defendant has previously imposed restrictions after others were no longer in effect and may do so again. Furthermore, no additional conduct by the Plaintiff would be required to reimplement the restrictions because the prior CRs were based on Plaintiff's status as a security risk rather than any specific act or violation. (*See id.* at 33-34.) *Cf. Ind. v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1210 (10th Cir. 2015) (holding that plaintiff had not met the "capable of repetition" prong because the court declined to assume the plaintiff would repeat the misconduct that had brought about the restriction). The Court finds that Plaintiff has established both prongs of the exception and therefore none of his claims are moot. The Court adopts the Recommendation as to mootness.

**B.     First Amendment Claims**

    1.     Communication and Association

The Magistrate Judge found that Plaintiff failed to state a claim under the First Amendment for a violation of Plaintiff's rights to freedom of communication and freedom of association. (ECF No. 42 at 9.) Plaintiff objects to this portion of the Recommendation. (ECF No. 47 at 8–12.)

In *Al-Owhali*, having found the case not moot, the Tenth Circuit looked to the Supreme Court decisions of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Turner v. Safley*, 482 U.S. 78 (1987) to develop the pleading standards for challenging prison restrictions as unreasonable. *Al-Owhali*, 687 F.3d at 1239–40. The Tenth Circuit found that, "[t]aken together, *Iqbal* and *Turner* require an inmate to plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest." *Id*. at 1240 (internal quotation marks omitted). The Tenth Circuit went on to say that, although a plaintiff is not required to "identify every potential legitimate interest and plead against it," a plaintiff is required to "recite facts that might well be unnecessary in other contexts to surmount a motion to dismiss." *Id*. Accordingly, the burden is on Plaintiff to allege facts suggesting that the CRs did not serve their purported penological interest: to avert "further criminal activity" and to protect the "security and good order of the institution." (ECF No. 1 at 33.)

Plaintiff presents two factual allegations in support of its contention that the CRs did not serve a legitimate penological interest. First, Plaintiff alleges that his correspondence with his step-daughters, children's mothers, and friends is unrelated to the purported penological interests. (*Id.* at 8.) Second, Plaintiff alleges that the

8

information regarding his alleged attempt to order the murders of law enforcement officials was "false and fabricated" and, therefore, to the extent that Defendant's penological interests rely on that information, those interests are not legitimate. (*See id.* at 8–9.)

The Magistrate Judge found these factual allegations to be "little more than conclusory." (ECF No. 42 at 9.) The Court agrees. First, Plaintiff does not contend that the asserted penological interests—averting criminal activity and protecting security and order—are not legitimate penological interests. He only argues that such interests are not served by restricting *his* communications. (*See* ECF No.1 at 8–9.) In support of this contention, Plaintiff makes a bare assertion that his communications with certain acquaintances are unrelated to legitimate penological interests; but, he provides no additional factual details which could allow the Court to conclude that his assertion is true. There are no allegations from which the Court can make a plausible inference that Defendant's interests in security, order, and crime prevention are not served by the restrictions.

Furthermore, Plaintiff's contention that allegations against him are false and fabricated is another conclusory allegation without any factual support. The Court notes that Plaintiff is in a difficult situation, as it would be inherently difficult for Plaintiff—in his incarcerated state—to gather evidence which proves that he did not solicit murders. However, in a response to his Administrative Remedy Appeal, Plaintiff was given information as to how he could acquire the specific information or documentation supporting his restrictions. (ECF No. 1 at 47.) Plaintiff was told that he may "submit a request to the SIS office" and if he is "denied any information not releasable at the

institution level, [he] may submit a request for release of [those] documents to the Freedom of Information/Privacy Act Unit in the Office of General Counsel." (*Id.*) Nothing in the record indicates that Plaintiff submitted these requests. As a result, Plaintiff's contentions as to the fraudulent nature of the allegations against him remain conclusory.

Consequently, the Court finds that Plaintiff fails to state a claim under the First Amendment for a violation of his rights to freedom of communication and freedom of association. The Court adopts the recommendation as to the First Amendment and dismisses those claims without prejudice.[2]

2. Religion

The Recommendation ultimately recommends the dismissal of Plaintiff's entire case. (ECF No. 42 at 13.) However, the Recommendation included no specific findings or analysis as to Plaintiff's religious claims under the Free Exercise Clause of the First Amendment or under RFRA. Nevertheless, the Court finds that Plaintiff's First Amendment free exercise of religion claim should be dismissed for the same reasons as Plaintiff's other First Amendment claims. Plaintiff is required to plead that the prison regulation was not related to a legitimate penological interest, even if the claim is brought under the Free Exercise Clause. *Hale v. Federal Bureau of Prisons*, 2015 WL 5719649, at *8 (D. Colo. Sept. 30, 2015). Since Plaintiff fails to allege facts suggesting

---

[2] Plaintiff also briefly alleges that his First Amendment rights were violated when "SIS Turner even went as far as rejecting mail from the mitigating expert who [was] a part of Plaintiff's legal defense team in his criminal case." (ECF No. 1 at 8.) The Court cannot determine if Plaintiff intended to bring this as a separate accusation or if it is meant to support his other First Amendment claims. Regardless, this statement does not alter the Court's finding that Plaintiff fails to state a claim under the First Amendment.

that the CRs did not serve their purported penological interest, the Court finds that Plaintiff fails to state a claim for violation of his right to the free exercise of religion.

Additionally, claims under the Free Exercise Clause and RFRA require plausible factual allegations of a substantial burden on a sincerely held religious belief. Plaintiff has not alleged any sincerely held religious belief in his Complaint, nor does he allege any substantial burden was placed on the practice of that religion. (*See* ECF No. 10–11). In fact, Plaintiff neglects to mention which religion he practices. (*See id.*) Plaintiff provides more details as to his religion in his Response to the Motion. (*See* ECF No. 32 at 10.) However, Plaintiff may not amend the Complaint in his response to a motion to dismiss. *Young v. Dollar Tree Stores, Inc.*, 2012 WL 3704994, at *3 (D. Colo. Aug. 24, 2012). Therefore, Plaintiff fails to state a claim under RFRA. The Court dismisses Plaintiff's RFRA and Free Exercise Clause claims without prejudice.

**C.      Plaintiff's Eighth Amendment Claims**

The Court finds that its analysis is best served by discussing Plaintiff's Eighth Amendment claims before his due process claims. The Magistrate Judge found that Plaintiff failed to state a cognizable claim under the Eighth Amendment for either a conditions-of-confinement claim or a deliberate indifference claim. (ECF No. 42 at 10–13.) On that basis, the Magistrate Judge recommended that Plaintiff's Eighth Amendment claims be dismissed. (*Id.*) Plaintiff objects to this portion of the Recommendation. (ECF No. 47 at 19–26.)

1.      <u>Conditions of Confinement</u>

Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v.*

*Albers*, 475 U.S. 312, 319 (1986). To state a conditions of confinement claim, an inmate must allege facts plausibly establishing both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001). The objective component requires conditions sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires that a prison official have a culpable state of mind and act with deliberate indifference to inmate health or safety. *Wilson v. Seiter*, 501 U.S. 294, 297, 302–03 (1991).

The Magistrate Judge found that Plaintiff failed to state an Eighth Amendment claim as to his CRs, based on the Tenth Circuit's holding in *Gowadia v. Stearns*, 596 F. App'x 667 (10th Cir. 2014). (ECF No. 42 at 11.) In that case, the Tenth Circuit rejected a conditions of confinement claim based on the imposition of SAMs which placed substantially the same limits on Gowadia as are placed on Plaintiff in the case at hand. *Gowadia*, 596 F. App'x at 668, 674 (SAMs limited Gowadia's telephone conversations to immediate family members and limited his correspondence by mail to immediate family members, legal representation, and various government entities).

Plaintiff does not object to the Magistrate Judge's finding that he fails to state an Eighth Amendment claim based on the CRs alone. Instead, he objects to the Magistrate Judge's characterization of his Eighth Amendment claim. (ECF No. 47 at 19.) In his Complaint, Plaintiff argues that the conditions of his confinement at ADX create a cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 1 at 24–26; ECF No. 47 at 19.) However, the Court finds that Plaintiff also fails to state

12

an Eighth Amendment claim on those grounds. Plaintiff notes that, at ADX, his recreation is limited to an individual caged area, his phone usage is limited to thirty minutes per month, and he is confined to his cell for twenty three hours a day—along with some days of total isolation. (ECF No. 1 at 14, 25.)

This Court has previously held that the conditions in ADX do not satisfy the objective component of the conditions-of-confinement analysis. *See McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1250–51 (D. Colo. 2011) (finding no deprivation of life's most basic needs where inmate ate his meals alone, left his cell up to five times per week for recreation in a cage, and had no human contact unless shackled and escorted by guards). The Tenth Circuit also concluded that the conditions of ADX do not violate the Eighth Amendment. *Ajaj v. United States*, 293 F. App'x 575, 582–84 (10th Cir. 2008) (finding conditions such as "lock-down for 23 hours per day," "limitations on . . . access to telephones," and "limited ability to exercise outdoors" did not, individually or in concert, amount to an Eighth Amendment violation).

Even if Plaintiff's CRs and the conditions of confinement are viewed in combination, Plaintiff does not meet the objective prong of this analysis. The conditions of ADX, which already include very limited telephone and written communications, do not suddenly amount to an Eighth Amendment violation once the inmate may no longer contact certain individuals who are not in his immediate family. Nothing about the conditions of ADX in conjunction with the CRs suggest that Plaintiff has been deprived of adequate food, clothing, shelter, medical care, or safety. *See Farmer*, 511 U.S. at 832. Nor do they amount to "a significant departure from the healthy habilitative environment the [government] is required to provide its inmates." *See Mitchell v.*

*Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996) (internal quotation marks omitted). Thus, Plaintiff has not plausibly alleged sufficiently serious conditions to meet the objective component. Accordingly, Plaintiff fails to state a claim for cruel and unusual punishment under the Eighth Amendment based on his conditions of confinement.

    2.    <u>Deliberate Indifference</u>

The Eighth Amendment's prohibition against cruel and unusual punishment is violated when prison officials "act *deliberately and indifferently* to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (emphasis added). An Eighth Amendment claim for deliberate indifference involves "a two-pronged inquiry, comprised of an objective and subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The objective component requires a showing that the prisoner's medical need was "sufficiently serious." *Id*. A medical need is considered sufficiently serious when "that condition has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (citation and internal quotation marks omitted). Under the subjective component, the plaintiff must establish that the defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt*, 199 F.3d at 1224 (internal quotation marks omitted).

Plaintiff alleges that he suffers from both diabetes and bladder cancer. (ECF No. 1 at 26–27.) However, Plaintiff fails to adequately plead the objective component of the deliberate indifference inquiry. Although Plaintiff alleges he is diabetic, he alleges nothing about the severity of the condition. (*Id.* at 27.) Additionally, Plaintiff provides no

information in his complaint as to the state of his bladder cancer after he received surgery in 2011. (*Id.*) Furthermore, Plaintiff provides no basis for his statement that he must receive semi-annual examinations for this condition. (*Id.* at 26.) Plaintiff's belief that he needs further examinations, without further support, does not indicate that a physician has diagnosed his condition as mandating treatment, years after his surgery. Plaintiff provides more details of his condition in his objection (ECF No. 47 at 23–35); however, a plaintiff may not amend his pleadings through an objection. *Cf. Young*, 2012 WL 3704994, at *3 ("The plaintiff may not amend [the] complaint via assertions made in response to a motion to dismiss."). Thus, Plaintiff fails to state a claim for deliberate indifference to his medical needs under the Eighth Amendment.

For these reasons, the Court adopts the Recommendation as to Plaintiff's failure to state a cognizable Eighth Amendment claim and dismisses Plaintiff's Eighth Amendment claims without prejudice.

### D.   Due Process Claim

Plaintiff claims that the CRs and other restrictions associated with living at ADX were imposed upon him without proper procedures. (ECF No. 1 at 14–15.) Accordingly, Plaintiff's claim is for procedural, rather than substantive, due process. The Magistrate Judge found that Plaintiff failed to state a claim under the Fifth Amendment for a violation of Plaintiff's due process rights. (ECF No. 42 at 10.) Plaintiff objects to this portion of the Recommendation. (ECF No. 47 at 12–19.)

In order to bring a claim that he has been deprived of his procedural due process rights, Plaintiff must prove two elements: (1) "that he possessed a constitutionally protected liberty or property interest such that due process protections were applicable,"

and (2) "that he was not afforded an appropriate level of process." *Zwygart v. Bd. of Cnty. Comm'rs*, 483 F.3d 1086, 1093 (10th Cir. 2007) (internal quotation marks omitted).  In the prison context, a liberty interest only arises when an aspect of the confinement amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Tenth Circuit has identified four factors that may be considered in determining whether an inmate's liberty interest is implicated by a prison condition: (1) whether the condition at issue "relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate." *Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012).

The Magistrate Judge found that Plaintiff's CRs do not implicate a protected liberty interest.  (ECF No. 42 at 10.)  The Court agrees.  Regarding factor one—as the Court discussed above in its analysis of Plaintiff's First Amendment claims—Defendant provides that the CRs relate to legitimate penological interests and Plaintiff has failed to adequately plead that they do not.  Regarding factor three, the CRs do not increase the duration of Plaintiff's confinement.  Regarding factor four, the CRs were to be reviewed after six months and therefore were not indeterminate.  (*See* ECF No. 1 at 34.)  Even if the CRs could be considered "extreme" under factor two, that does not outweigh the other three factors, including Defendant's important penological interest in preventing criminal activity.  For similar reasons, this Court has held on multiple occasions that SAMs do not implicate a protected liberty interest.  *See Ghailani v. Holder*, 2015 WL 430375, at *8 (D. Colo. Jan. 30, 2015) (collecting cases).

16

Additionally, the Complaint could be read as asserting that Plaintiff has a liberty interest in avoiding placement at ADX. (*See* ECF No. 1 at 14.) The Recommendation does not address this argument, but, regardless, the Tenth Circuit has previously performed the relevant analysis as to whether placement in ADX implicates a liberty interest. *Rezaq*, 677 F.3d at 1016. In considering the four factors listed above, the Tenth Circuit held that inmates lack a liberty interest in avoiding confinement at ADX. *Id*.

As a result, the Court finds that Plaintiff fails to allege a constitutionally protected liberty interest. Therefore Plaintiff fails to state a claim under the Fifth Amendment. The Court adopts the Recommendation as to the Fifth Amendment and dismisses Plaintiff's due process claims without prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation (ECF No. 42) is ADOPTED;
2. Defendant's Objection (ECF No. 43) is OVERRULED;
3. Plaintiff's Objection (ECF No. 47) is OVERRULED;
4. Defendant's Motion to Dismiss (ECF No. 25) is GRANTED;
5. All of Plaintiff's claims are DISMISSED WITHOUT PREJUDICE;
6. If Plaintiff wishes to move for leave to file an amended complaint, his motion **must be postmarked no later than April 30, 2016**, and must include a copy of his proposed amended complaint. If no timely motion is received, the Court will enter judgment against Plaintiff without further notice.

Dated this 24th day of March, 2016.

BY THE COURT:

_____
William J. Martínez
United States District Judge