# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 15-cv-884-WJM-MJW

ALTON DAVIS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS

    Defendant.

---

## ORDER REGARDING PENDING MOTIONS

---

Plaintiff Alton Davis, appearing *pro se*, asserts a single claim under the Religious Freedom Restoration Act ("RFRA," 42 U.S.C. §§ 2000bb *et seq.*) against Defendant Federal Bureau of Prisons ("BOP"), arguing that BOP has imposed a substantial burden on his religious exercise.

Matters before the Court include: Plaintiff's Motion for Clarification (ECF No. 162), Motion Objecting the Court's Denial of Plaintiff's Motion for Clarification (ECF No. 168), Motion to Consolidate (ECF No. 179), Motion Objecting the District Court Order to Strike Doc. 173 and Doc. 175 (ECF No. 180), Motion Objecting the Court's Order Granting Defendant's Motion Doc. 166 ("Protective Order Objection," ECF No. 186), and Motion Objecting this Court's Order Doc. 183 Denying Plaintiff's Motion Doc. 181 for Appointment of Counsel as Moot ("Appointment of Counsel Objection," ECF No. 188). For the reasons set forth below, Plaintiff's Motion for Clarification (ECF No. 162) is construed as a motion requesting a jury trial pursuant to Fed. R. Civ. P. 39(b) ("Jury

Trial Motion") and is granted; thus, Plaintiff's subsequent and related motions (ECF Nos. 168, 179, 180) are denied as moot. Further, Plaintiff's Protective Order Objection (ECF No. 186) and Appointment of Counsel Objection (ECF No. 188) are both denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of Defendant BOP and is currently incarcerated at the United States Penitentiary, Administrative Maximum ("ADX"). (ECF No. 90 at 3.) On August 24, 2010, in the United States District Court for the Southern District of New York, Plaintiff was convicted on eight criminal counts, including conspiracy to commit Hobbs Act robberies of suspected drug dealers, using and discharging a firearm during a robbery, murder, and conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana. *See United States v. Davis*, 689 F.3d 179, 181 (2d Cir. 2012) (upholding judgment and detailing facts). In September 2010, Plaintiff was notified that a Special Administrative Measure ("SAM") was being implemented regarding his confinement. (ECF No. 90 at 3.) BOP asserts that the SAM was implemented "because [Plaintiff] demonstrates a 'proclivity for violence,' as evidenced by his conviction on eight criminal counts . . . [and] his attempt, while incarcerated, to order the murders of two federal law enforcement officials." (ECF No. 98 at 2 (citing ECF No. 98-1).) Plaintiff's SAM restrictions expired on August 31, 2014. (ECF No. 98-2.) However, on September 8, 2014, Plaintiff was placed on Correspondence Restrictions ("CRs") pursuant to 28 C.F.R. § 540.15 "for a period of six months to transition [Plaintiff] into a general population setting." (ECF No. 98 at 2 (citing ECF No. 98-2 ¶ 4).) And, in March 2015, those CRs were reviewed and removed. (ECF No. 98-2 ¶¶ 13–14.)

Based on this course of events, Plaintiff filed this action on April 27, 2015, asserting the following claims: (1) violation of his First Amendment rights to freedom of speech, freedom of association, and free exercise of religion (including violation of RFRA), (2) violation of his Fifth Amendment right to procedural due process, and (3) violation of his Eighth Amendment right to be free from cruel and unusual punishment stemming from his conditions of confinement and deliberate indifference to his serious medical needs. (ECF No. 90.)

On August 29, 2016, BOP filed a Motion to Dismiss (ECF No. 98), which was granted in part on April 7, 2017 (ECF No. 144). The Court stated in that Order that "[m]oving forward, Plaintiff shall have one remaining claim under [RFRA] against Defendant [BOP]." (*Id*. at 27.) Following this, on May 25, 2017, United States Magistrate Judge Michael J. Watanabe held a scheduling conference (ECF Nos. 157, 159), and on that same day entered an order appointing pro bono counsel (ECF No. 158).

Since that time, Plaintiff has filed a notice to the Court (*see* ECF No. 165), multiple motions for clarification (*see* ECF Nos. 143,162, ), motions for appointment of counsel (*see* ECF Nos. 181, 189, 192), Rule 72(a) objections to Judge Watanabe's orders (*see* ECF Nos. 168, 186, 188), and two motions for consolidation and reconsideration (*see* ECF Nos. 179, 180). After reviewing all of these filings, it is apparent to the Court that Plaintiff has the following concerns: (1) Plaintiff believes that he is entitled to a jury trial on the remaining claim in his case, and (2) Plaintiff believes that it is the Court's duty to ensure that he can effectively litigate and understand what

is going on in his case, by halting all legal proceedings until pro bono counsel undertakes representation of Plaintiff. The Court will address both of these concerns.

## II. LEGAL STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must adopt the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3069 (2d ed., Apr. 2015 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).

## III. ANALYSIS

### A.  Protective Order Objection

On June 20, 2017, BOP moved for the entry of a protective order regulating the use and disclosure of documents and materials produced during discovery in this case. (ECF No. 166). Plaintiff did not file a response to BOP's motion. On August 7, 2017, Judge Watanabe entered an order granting BOP's motion, noting that "the Court treats the motion as unopposed." (ECF No. 177 at 1.) Then, on August 24, 2017, Plaintiff filed

an objection to Judge Watanabe's order.  (ECF No. 186.)  In that objection, Plaintiff reiterates that he has requested legal representation, that "he does not understand these motions and documents from Marcy Cook [BOP's counsel]," and further, that the "Court should have take[n] note that Plaintiff did not respond to this particular motion from Marcy Cook because he honestly did not know how to."  (*Id.* at 1.)

Plaintiff articulates an objection to BOP's motion that was not presented before Judge Watanabe.  The Court is unaware of any precedent, nor does Plaintiff point the Court to any relevant authority, that allows Plaintiff to "sandbag" the Magistrate Judge by failing to point out facts and relevant claims that were not previously presented and argued.  *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) (in a similar vein, the specificity requirement "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing").  Accordingly, the Court finds that Plaintiff has waived his right to object.  Plaintiff's objection is overruled.

## B.     Appointment of Counsel Objection

On May 18, 2017, Plaintiff filed a motion requesting legal representation (ECF No. 152), which was granted by Judge Watanabe on May 25, 2017 (*see* ECF Nos. 158, 159). Judge Watanabe's order appointing pro bono counsel states, in relevant part:

> **The Plaintiff is advised that the Clerk of the Court will select counsel from the Panel; however, <u>there is no guarantee that a Panel member will undertake representation in every case.</u>  Further, if a Panel member does undertake to represent Plaintiff, there is no guarantee of when that might happen.  <u>Accordingly, the Court cautions that the Plaintiff is responsible for all scheduled matters, including hearings, depositions, motions, and trial.</u>**

5

(ECF No. 158 at 1–2 (bold face in original.)

On August 14, 2017, Plaintiff filed a renewed Motion for Appointment of Counsel (ECF No. 181), arguing that "[i]t is obvious that the factual issues that arise in this case along with its nature and complexity is not only hard for Plaintiff to articulate, but also impossible for Plaintiff to investigate [] facts and present his claims adequately," and that "unfortunately, because of Plaintiff's lack of knowledge [of] the law . . . and his condition of confinement . . . he's unable to argue his case." (*Id*. at 1–2.) On August 15, 2017 Judge Watanabe correctly denied Plaintiff's renewed motion as moot. (ECF No. 183.)

Plaintiff objects to Judge Watanabe's order, arguing that he has not received a copy of the order appointing pro bono counsel (*see* ECF No. 158), and that in any event, this "[C]ourt cannot in no way shape or form force[] a plaintiff to represent himself in a proceeding[] when the plaintiff does not understand the motions and documents sent to him by Marcy Cook." (ECF No. 188 at 2.)

The Court cannot find clear error here. *See Hutchinson*, 105 F.3d at 566. Judge Watanabe correctly found Plaintiff's renewed motion for appointment of legal counsel moot, given that Judge Watanabe issued an order appointing pro bono counsel just three months prior. Accordingly, Plaintiff's objection is overruled.

Further, the Court reminds Plaintiff that he has chosen to file this case and he has an obligation to participate in it, whether or not a panel member ultimately chooses to represent him. The Court also reminds Plaintiff that he is currently responsible for all scheduled matters, including hearings, depositions, motions, and trial. Asserting lack of legal knowledge or inability to understand motions or documents is not an excuse for a

*pro se* litigant's failure to represent him or herself. Morever, the Court will not entertain Plaintiff's request "to put all future proceedings on hold until [] appointment of counsel is approved." (ECF No. 188 at 2.) The Court will, however, provide Plaintiff with a copy of Judge Watanabe's order appointing pro bono counsel. (*See* ECF No. 158.)

**C.     Jury Trial Motion**

On June 2, 2017, Plaintiff filed a motion for clarification (ECF No. 162), stating, first, that he attended the scheduling conference on May 25, 2017 during which Judge Watanabe and Marcy Cook decided that a bench trial would be appropriate in his case without Plaintiff's input, and second, that he did not receive a copy of this Court's prior order on his pending motions (*see* ECF No. 144). Plaintiff also clearly asserts that "he seeks a jury trial." (ECF No. 162 at 2.)

While this motion was originally referred to Judge Watanabe, the Court now construes Plaintiff's motion as one requesting a jury trial pursuant to Fed. R. Civ. P. 39(b); thus, the Court exercises its discretion to withdraw the prior reference and will itself rule directly on the merits of Plaintiff's motion. (*See* ECF Nos. 163, 164.)[1]

Plaintiff did not demand a jury trial as required by Federal Rule of Civil Procedure 38(b)(1), which provides that "a party may demand a jury trial by serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served. *Id*.

Further, a party waives the right to a jury trial when he or she fails to make a

---

[1] Accordingly, the Court finds the following motions moot, given that they are dependent on Judge Watanabe's order denying Plaintiff's motion due to Plaintiff's failure to request legal relief in his motion (*see* ECF No. 164): ECF Nos. 168, 179, 180.

timely demand under Rule 38(b).  *See* Fed. R. Civ. P. 38(d) (a "party waives a jury trial unless its demand is properly served and filed"); *see also Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992).  However, the Court does have discretion to order a jury trial later upon motion by a party.  *See* Fed. R. Civ. P. 39(b).  Rule 39(b) provides that the court may nevertheless grant a jury trial "on motion" and "on any issue for which a jury might have been demanded."  *Id*.

Plaintiff did not file a motion pursuant to Rule 39(b), but instead filed his "Motion for Clarification," in which he states that "he seeks a jury trial." (ECF No. 162 at 2.) However, in light of Plaintiff's *pro se* status, the Court will construe the pleading as a Rule 39(b) motion.

The Tenth Circuit has held that "absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1980).  The Court finds that there is no strong and compelling reason to deny Plaintiff's request for a jury trial.  Plaintiff has filed his request while discovery is still ongoing, and the Court cannot see how BOP would be prejudiced by this decision.  Further, lack of prejudice and lack of legal assistance are both factors the Court may consider in granting a request for a jury trial.  *See Gilkey v. ADT Security, Inc.*, 2012 WL 1901287, at *2 (D. Kan. May 25, 2012) (citing *Members v. Paige*, 140 F.3d 699, 704 (7th Cir. 1998)).  Accordingly, Plaintiff's motion (ECF No. 162) is granted to the extent that it requests a jury trial.  Plaintiff will also be provided a copy of this Court's prior order on Plaintiff's pending motions.  (*See* ECF No. 144.)

8

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion Objecting to the Court's Order Granting Defendant's Motion Doc. 166 (ECF No. 186) is OVERRULED;

2. Plaintiff's Motion Objecting to the Court's Order Doc. 183 (ECF No. 188) is OVERRULED;

3. Plaintiff's Motion for Clarification (ECF No. 162), construed as a motion requesting Fed. R. Civ. P. 39(b) relief, is GRANTED; the trial to be set in this case will be to a jury;

4. Plaintiff's Motion Objecting to the Court's Denial of Plaintiff's Motion for Clarification (ECF No. 168), Motion to Consolidate (ECF No. 179), and Motion Objecting to the District Court Order to Strike Doc. 173 and Doc. 175 (ECF No. 180) are DENIED AS MOOT; and

5. The Clerk is directed to mail a copy of the following with this Order:

    a. Order on Pending Motion, Recommendation, and Objection (ECF No. 144), and

    b. Order Appointing Pro Bono Counsel (ECF No. 158).

Dated this 29th day of September, 2017.

BY THE COURT:

_____
William J. Martínez
United States District Judge