IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0884-WJM-MJW

ALTON DAVIS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER
ORDER GRANTING JURY TRIAL**

---

Plaintiff Alton Davis, appearing *pro se*, asserts a single claim under the Religious Freedom Restoration Act ("RFRA," 42 U.S.C. §§ 2000bb *et seq*.) against Defendant Federal Bureau of Prisons ("BOP"), arguing that BOP has imposed a substantial burden on the exercise of his religion. In an earlier Order Regarding Pending Motions (ECF No. 199 ("Order")), the Court construed Plaintiff's Motion for Clarification (ECF No. 162) as a Motion Requesting A Jury Trial pursuant to Fed. R. Civ. P. 39(b) ("Motion for Jury Trial") and granted it. BOP filed its Motion to Reconsider Order Granting Jury Trial on October 30, 2017. (ECF No. 205 ("Motion to Reconsider").) Plaintiff filed an opposition Motion in Response to Defendant's Motion to Reconsider on November 28, 2017. (ECF No. 211 ("Response").) For the reasons set forth below, BOP's Motion to Reconsider is granted.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of Defendant BOP and is currently

incarcerated at the United States Penitentiary, Administrative Maximum ("ADX"). (ECF No. 90 at 3.) On August 24, 2010, in the United States District Court for the Southern District of New York, Plaintiff was convicted on eight criminal counts, including conspiracy to commit Hobbs Act robberies of suspected drug dealers, using and discharging a firearm during a robbery, murder, and conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana. *See United States v. Davis*, 689 F.3d 179, 181 (2d Cir. 2012) (upholding judgment and detailing facts). In September 2010, Plaintiff was notified that a Special Administrative Measure ("SAM") was being implemented regarding his confinement. (ECF No. 90 at 3.) BOP asserts that the SAM was implemented "because [Plaintiff] demonstrates a 'proclivity for violence,' as evidenced by his conviction on eight criminal counts . . . [and] his attempt, while incarcerated, to order the murders of two federal law enforcement officials." (ECF No. 98 at 2 (citing ECF No. 98-1).) Plaintiff's SAM restrictions expired on August 31, 2014. (ECF No. 98-2.) However, on September 8, 2014, Plaintiff was placed on Correspondence Restrictions ("CRs") pursuant to 28 C.F.R. § 540.15 "for a period of six months to transition [Plaintiff] into a general population setting." (ECF No. 98 at 2 (citing ECF No. 98-2 ¶ 4).) And, in March 2015, those CRs were reviewed and removed. (ECF No. 98-2 ¶¶ 13–14.)

Based on this course of events, Plaintiff filed this action on April 27, 2015, asserting the following claims: (1) violation of his First Amendment rights to freedom of speech, freedom of association, and free exercise of religion (including violation of RFRA), (2) violation of his Fifth Amendment right to procedural due process, and (3) violation of his Eighth Amendment right to be free from cruel and unusual

2

punishment stemming from his conditions of confinement and deliberate indifference to his serious medical needs. (ECF No. 90.)

On August 29, 2016, BOP filed a Motion to Dismiss (ECF No. 98), which was granted in part on April 7, 2017 (ECF No. 144). The Court stated in that Order that "[m]oving forward, Plaintiff shall have one remaining claim under [RFRA] against Defendant [BOP]." (*Id*. at 27.) Following this, on May 25, 2017, United States Magistrate Judge Michael J. Watanabe held a scheduling conference (ECF Nos. 157, 159), and on that same day entered an order appointing *pro bono* counsel (ECF No. 158).

Plaintiff then filed a notice to the Court (*see* ECF No. 165), multiple motions for clarification (*see* ECF Nos. 143,162, ), motions for appointment of counsel (*see* ECF Nos. 181, 189, 192), Rule 72(a) objections to Judge Watanabe's orders (*see* ECF Nos. 168, 186, 188), and two motions for consolidation and reconsideration (*see* ECF Nos. 179, 180). At this point, it became apparent to the Court that Plaintiff's main assertion in all of these motions was that he is entitled to a jury trial. (ECF No. 199 at 3–4.) The Court accordingly construed his Motion for Clarification as a Motion for a Jury Trial and granted the motion under Rule 39(b). (*Id.* at 8.)

BOP then filed a Motion for Reconsideration, arguing that "[b]ecause there is no right to a jury trial for Plaintiff's claim for injunctive relief against the federal government, the Court should reconsider its Order granting a jury trial in this case." (ECF No. 205 at 1.) Plaintiff Responded to BOP's Motion, arguing that because his Constitutional rights were violated, the Court should call a jury in an advisory capacity. (ECF No. 211 at 2.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, 2011 WL1882829, at *1 (D. Colo. May 17, 2011); *Hatfield v. Bd of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Where, after judgment has entered in a case, a party files a motion for reconsideration, courts generally construe such a motion as invoking Federal Rules of Civil Procedure 59(e) and 60(b). *Ebonie S.*, 2011 WL 1882829, at *1. On the other hand, where a party files a motion for reconsideration, prior to the entry of judgment, Rules 59(e) and 60(b) do not apply. *Id.; Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *Ebonie S.*, 2011 WL 1882829, at *1; *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b); *see also Houston Fearless Corp.*, 313 F.2d at 92.

A motion for reconsideration is appropriate where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005,1012 (10th Cir. 2000). A motion for reconsideration is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## III. ANALYSIS

Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue

4

for which a jury trial might have been demanded," *i.e.* in cases where "there is a right to a jury trial in the first instance." (ECF No. 205 at 3–4 (*citing* Fed. R. Civ. P. 39(b)).) BOP argues that there is no right to a jury trial in this case for two reasons. First, BOP claims, "it is a long-standing principle that there is no constitutional right to a jury trial in a case for injunctive relief like this one." (*Id.* at 4.) Second, BOP states, "it is also a long-standing principle that there is no constitutional right to a jury trial in an action against the United States, like this one, unless Congress has explicitly allowed for it." (*Id.* at 5.)

In his Response, Plaintiff contends, at "issue is the fact that defendant violated and is still violating plaintiff's legal rights to free exercise of religion. A legal right preserved by the U.S. Constitution [in] the First Amendment, which is arguabl[y] a legal right of the law and not equitable." (ECF No. 211 at 2.) Plaintiff argues in the alternative that even if his claim is purely equitable, the Court can still call a jury in an advisory capacity and "submit to it such issues of fact as it sees fit." (*Id.* (*Citing Hargrove v. Am. Cent. Ins. Co.*, 125 F.2d 225 (10th Cir. 1942).)

As an initial matter, the Court notes that Defendant failed to timely raise these issues and is bringing these objections to the Court's attention for the first time in its Motion for Reconsideration. If these issues were of a different nature, the Court would have held these arguments to have been waived. *See Elephant Butte Irr. Dist. of New Mexico v. U.S. Dep't of Interior*, 538 F.3d 1299, 1303 (10th Cir. 2008) ("A district court does not abuse its discretion in refusing to consider a theory raised for the first time at an advanced stage of litigation."); *Servants of the Paraclete v. Does*, 204 F.3d at 1012

("[Motion for reconsideration] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.")  However, the Court agrees with BOP on the fundamental point at issue here.  Courts have held that "if the only relief sought is equitable, such as an injunction or specific performance (a type of affirmative injunction), neither the party seeking that relief nor the party opposing it is entitled to a jury trial."  *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002).  Plaintiff's argument misunderstands the distinction between legal and equitable relief.  (ECF No. 211 at 2.)  As BOP pointed out, in the present posture of this case, Plaintiff's sole remaining RFRA claim is indeed a claim only for injunctive relief, Plaintiff is not entitled to a jury trial, and a jury trial should not have been granted pursuant to Rule 39(b).

The Court also agrees with BOP's sovereign immunity argument. The Supreme Court has held that "[t]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Lehman v. Nakshian*, 453 U.S. 156, 168 (1981).  The Supreme Court has further held that, "[w]hen Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." *Id.* at 161.  As BOP notes, RFRA does not explicitly provide for a jury trial and therefore sovereign immunity from a jury trial has not been waived for claims arising under this statute.  (ECF No. 205 at 4.)

Accordingly, despite BOP's failure to timely raise these issues, the Court grants Defendant's Motion for Reconsideration.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Reconsider Order Granting Jury Trial (ECF No. 205) is GRANTED; and,

2. That portion of the Court's Order Regarding Pending Motions (ECF No. 199) that granted a jury trial in Plaintiff's remaining RFRA claim is VACATED.

Dated this 12th day of December, 2017.

BY THE COURT:

William J. Martínez
United States District Judge