IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0884-WJM-MJW

ALTON DAVIS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## ORDER OVERRULING PLAINTIFF'S RULE 72(a) OBJECTION

Plaintiff Alton Davis ("Plaintiff"), appearing *pro se*, brings this action under the Religious Freedom Restoration Act ("RFRA") against the Federal Bureau of Prisons ("Defendant"). (ECF No. 196 at 1.) Plaintiff alleges that his incarceration limits his "right to attend Jum'ah services and pray together with other muslims." (ECF No. 144 at 9.) On August 4, 2017, Defendant served Plaintiff with the First Written Discovery, to which Plaintiff was to respond by September 6, 2017. (*Id.* at 2.) Plaintiff has not responded to this discovery request. (*Id.*) Rather, Plaintiff submitted two documents (ECF Nos. 189 and 192), contending that he "really needs the court to understand that he does not understand any of these motions and documents from Marcy Cook and should delay all proceedings in this case going forward until Plaintiff has the legal representation he require[s]." (ECF No, 189 at 2.)

On September 18, 2017, Defendant filed a Motion to Compel Responses to First Set of Written Discovery. (ECF No. 196 ("Motion").) Plaintiff did not respond to

Defendant's Motion, so United States Magistrate Judge Michael J. Watanabe granted the unopposed Motion in a November 15, 2017 Minute Order ("Minute Order"). (ECF No. 207 at 1.) This matter is before the Court on Plaintiff's Objection to Judge Watanabe's Minute Order. (ECF No. 214 ("Objection").) Defendant filed a Response to Plaintiff's Objections to Order Granting Motion to Compel on December 13, 2017. (ECF No. 217 ("Response").) For the reasons set forth below, Defendant's Objection is overruled.

## I. STANDARD OF REVIEW

Any pretrial matter properly referred to a magistrate judge must be categorized under Federal Rule of Civil Procedure 72 as either "dispositive" or "nondispositive" for purposes of the standard of review to be exercised by the district judge. *See* 12 Charles Alan Wright et al., *Federal Practice & Procedure* § 3068.2 (2d ed., Apr. 2016 update) ("*Wright & Miller*") (noting that courts should go beyond the label and consider the impact of the action taken on the case to determine whether it is dispositive). Dealing as it does with pretrial discovery matters, the Minute Order is clearly a non-dispositive ruling. See, *e.g., Hutchinson v. Pfiel*, 105 F.3d 562, 565 (10th Cir. 1997) ("Discovery is a nondispositive matter") ("Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions.").

When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The clearly erroneous standard

2

"requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," 12 *Wright & Miller* § 3069, but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly, *see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

## II. ANALYSIS

As an initial matter, the Court notes that Plaintiff's Objection is untimely. Judge Watanabe's Order was entered on November 15, 2017 and was served on Plaintiff that same day. Plaintiff has fourteen days after service to file objections to the order. Here, Plaintiff's deadline to file an objection was November 29, 2017 and his Objection is dated December 1, 2017. However, given Plaintiff's confinement and *pro* se status, the Court elects to consider Plaintiff's Objections on their merits.

Plaintiff objects to the Minute Order on three grounds. First, Plaintiff claims that Defendant's Motion "should have been denied for failure to file said motion within the thirty-day time frame for filing motions to compel." (ECF No. 214 at 1.) Second, Plaintiff argues that Judge Watanabe was wrong to state in his Minute Order that Plaintiff has not filed a response to the motion, because "Plaintiff did filed [*sic*] two

motions Doc. 189 and 192." (ECF No. 214 at 2.)  Finally, Plaintiff points out that the "Motion must include a certification that the movant in good faith [attempted to confer] with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" and claims that the Motion should have been denied because "there were no certifications enclosed." (ECF No. 214 at 3–4.)  The Court will discuss each of these objections in turn.

A. **Timeliness of Defendant's Motion**

Plaintiff points to the Local Rules for the District of Kansas, which require that "Any motion to compel discovery . . . must be filed and served within 30 days of the default," (D. Kan. Rules 37.1) to argue that Defendant's Motion here was not timely and should be denied on that basis.

The Court agrees with Defendant's contention that because this is not a District of Colorado local rule, Defendant is not required to comply with the thirty-day timeframe.  (ECF No. 217 at 2.)  Per this Court's rules, Defendant's Motion was timely.

B. **Plaintiff's Opposition to Defendant's Motion**

In his Minute Order, Judge Watanabe noted that "Plaintiff has not filed a response to the motion and his deadline to do so has elapsed.  As a result, the [c]ourt treats the motion as unopposed." (ECF No. 207 at 1 (Internal citations omitted).)  Plaintiff objects to this statement on the basis that he filed documents ECF Nos. 189 and 192, "expressing his concerns regarding defendant's discovery request and how to adequately articulate a response to the documents . . . . with the impression that the Magistrate Judge would have taken these concerns into consideration before making a

4

decision on any motion going forward." (ECF No. 214 at 2.)

Like Judge Watanabe, the Court recognizes Plaintiff's *pro se* status. However, Plaintiff's status as a *pro se* litigant does not excuse him from complying with the applicable rules of this Court. *See Montaya v. Chao*, 878 F. Supp. 2d 1227, 1240 (10th Cir. 2002). Thus, although Plaintiff did express his concerns and request that court proceedings be delayed until he acquired legal counsel, Plaintiff was still required to file a response to Defendant's Motion, if he wanted the Magistrate Judge to consider his opposition to Defendant's Motion. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994.) ("This court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.")

Thus, the Court concludes that Judge Watanabe did not err in treating the Motion as unopposed.

## C.  Defendant's Duty to Confer

Plaintiff claims that "the only attempt [to confer] made by [D]efendant was a demand made by Susan Prose in a letter dated September 8, 2017. . . . And taking notice of the language in this particular letter, it is obvious that Susan Prose did not intend on conferring. But rather to send a threatening message demanding the response to their discovery request or else." (ECF No. 214 at 3.)

Defendant does not deny that it had a duty to confer, rather Defendant argues that it attempted to confer with Plaintiff about the discovery requests in its September 8, 2017 letter, but Plaintiff did not respond. (ECF No. 217 at 2–3.)

In evaluating Defendant's September 8, 2017 discovery deficiency letter, which Plaintiff submitted to the Court as an exhibit (ECF No. 192 4–5), the Court concludes that while in many cases further efforts to confer would be desirable, in this circumstance, Defendant made a sufficient effort to confer with Plaintiff. In any event, this issue does not present clear error warranting reversal under Rule 72(a).

Accordingly, the Court finds that Judge Watanabe did not clearly err in finding that "Defendant's request is well-reasoned." (ECF No. 207 at 1.) The Court therefore declines to overturn Judge Watanabe's Minute Order requiring Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents to Plaintiff.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. Defendant's Objection (ECF No. 214) to Judge Watanabe's Minute Order (ECF No. 207) is OVERRULED;

2. Judge Watanabe's Minute Order (ECF No. 207) is AFFIRMED in its entirety as follows:

    a. Plaintiff's Motion to Compel (ECF No. 196) is GRANTED; and

    b. Plaintiff is ORDERED to respond to Defendant's First Set of interrogatories and Requests for Production of Documents no later than **March 23, 2018**.

    c. The Clerk is DIRECTED to mail a copy of Defendant's Discovery Requests (ECF No. 196-1) to Plaintiff, together with this Order;

3. Failure to respond to Defendant's discovery requests as ordered may lead to additional sanctions, to and including dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with Court Rules, and/ or failure to comply with the Court's Order.

Dated this 27th day of February, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge