Civil Action No. 15-cv-00884-WJM-MJW

ALTON DAVIS,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

---

### REPORT & RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO PROSECUTE (Docket No. 243)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff[1] is an inmate at Florence ADX, suing under 42 U.S.C. § 1983. Plaintiff

initially brought claims against the Bureau of Prisons ("BOP") and two individuals

(Docket No. 1). On May 4, 2015, Judge Babcock dismissed Plaintiff's claims against the

individual defendants pursuant to 28 U.S.C. § 1915A(b) and the case was reassigned to

Judge Martinez and the undersigned (Docket No. 5). On February 4, 2016, the

undersigned recommended that Plaintiff's claims against the BOP be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 42). On March 24, 2016, Judge

Martinez adopted the Recommendation and dismissed Plaintiff's claims (Docket No.

50). Judge Martinez further noted that "[i]f Plaintiff wishes to move for leave to file an

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as an advocate, even for a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the Court applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

amended complaint, his motion must be postmarked no later than April 30, 2016 . . . ."
(*Id.* at 17). Plaintiff filed two motions seeking leave to amend, which were granted
(Docket Nos. 55 & 62) and Plaintiff's Amended Complaint was filed on May 10, 2016
(Docket No. 63). In the Amended Complaint, Plaintiff again named the BOP as a
Defendant, and added eleven individual Defendants as well as "ADX Super-Max
Prison." Defendants sought dismissal and the undersigned recommended that all claims
other than Plaintiff's claim against Defendant BOP brought under the Religious
Freedom Restoration Act ("RFRA") be dismissed (Docket No. 132). Judge Martinez
rejected the undersigned's Recommendation, but ultimately dismissed all claims other
than Plaintiff's RFRA claim against Defendant BOP (Docket No. 144). Accordingly,
Plaintiff's only remaining claim is his RFRA claim against Defendant BOP.

After Judge Martinez ruled on that Recommendation, the undersigned entered a
Scheduling Order (Docket No. 160) and discovery regarding Plaintiff's RFRA claim
commenced. Defendant served written discovery requests on Plaintiff, but Plaintiff did
not respond. On November 15, 2017, the undersigned granted (Docket No. 207)
Defendant's Motion to Compel Responses to First Set of Written Discovery (Docket No.
196). In that Minute Order, the Court "ORDERED that Plaintiff shall respond to
Defendant's First Set of Interrogatories and Requests for Production of Documents to
Plaintiff (Docket No. 196-1) on or before December 15, 2017." (Docket No. 207 at 1.)
The Court "further ORDERED that the Clerk of the Court shall mail a copy of
Defendant's First Set of Interrogatories and Requests for Production of Documents to

Plaintiff (Docket No. 196-1) with this Minute Order when it is sent to Plaintiff." (*Id.*) In addition the Court made clear to Plaintiff that failure to comply could result in sanctions:

> **Plaintiff is warned that failure to comply with this Minute Order and/or his discovery obligations may result in sanctions including, but not limited to, all sanctions listed in Fed. R. Civ. P. 37(b) and 37(d).**

(*Id.*) (emphasis in original). Plaintiff objected to the November 15, 2017 Minute Order (Docket No. 214). That objection was overruled by Judge Martinez on February 27, 2018 (Docket No. 236). Judge Martinez found Plaintiff's objection to be untimely, but considered the merits and declined to overturn the November 15, 2017 Minute Order. Judge Martinez ordered Plaintiff to respond to Defendant's First Set of Interrogatories and Requests for Production of Documents no later than March 23, 2018 (Docket No. 236 at 6). Judge Martinez warned Plaintiff that

> [f]ailure to respond to Defendant's discovery requests as ordered may lead to additional sanctions, to and including dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with Court Rules, and/ or failure to comply with the Court's Order.

(Docket No. 236 at 7). Plaintiff filed a motion for reconsideration of Judge Martinez's Order (Docket No. 242), which remains pending. In the instant motion (Docket No. 243), Defendant avers that Plaintiff did not respond to the discovery requests by the March 23, 2018 deadline and, therefore, seeks dismissal with prejudice under Rule 41.

## Analysis

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> **(v) dismissing the action or proceeding in whole or in part;**
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Plaintiff has failed to meaningfully participate in his case. Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b) and 37(b). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when

evaluating grounds for dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

## A.     Prejudice to Defendant

From a review of the case file, the Court finds that Defendant has been prejudiced by having to expend resources trying to move forward a case that was initiated by Plaintiff. Defendant has filed multiple motions and provided proof that it has diligently attempted to communicate with Plaintiff in order to move this case forward. Accordingly, this factor weighs in favor of dismissal.

**B.     Interference with the Judicial Process**

The Court concludes that Plaintiff's failure to prosecute his case necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).   Plaintiff's failure to respond to Defendant's discovery requests and comply with Court Orders evidences a lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused the undersigned and Court staff to expend unnecessary time and effort. The Court's frequent review of the case file, issuance of the various orders reference above, and issuance of the instant Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

**C.     Culpability of Plaintiff**

Plaintiff has ignored Court Orders and failed to move his case forward. Plaintiff cannot avoid his discovery obligations by filing objections and motions for reconsideration. Filing a motion for reconsideration such as the one currently pending before Judge Martinez (Docket No. 242) does not extend any existing deadline. The undersigned extended Plaintiff's deadline to respond to the written discovery requests through December 15, 2017 (Docket No. 207 at 1) and Judge Martinez further extended

it through March 23, 2018 (Docket No. 236 at 6). As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders, and applicable rules. *See, e.g., Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the history of this case, it appears that Plaintiff's failure has been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

**D.    Advance Notice of Sanction of Dismissal**

Plaintiff was warned by the Court that he risked dismissal of his case if he failed to move the case forward or to comply with Court Orders. (Docket Nos. 207 & 236). Accordingly, it should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's effort to advise Plaintiff of the potential for dismissal does not prevent this result. *See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to put plaintiff on notice).

**E.    Efficacy of a Lesser Sanction**

Finally, no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given Plaintiff's conduct in this case, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff was aware of his obligation to respond to the written discovery

requests, resisted the Court's orders regarding that obligation and then simply failed to respond as ordered. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

For these reasons, the Court recommends that the motion (Docket No. 243) be GRANTED and that this case be dismissed pursuant to Fed. R. Civ. P. 41.

### Recommendation

It is RECOMMENDED that Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute (Docket No. 243) be GRANTED and that this case be DISMISSED with prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     June 18, 2018                    */s/ Michael J. Watanabe*
           Denver, Colorado                Michael J. Watanabe
                                           United States Magistrate Judge